WOODALL, Justice
(dissenting).
In support of his request for an attorney fee for his representation of T.S., Doug Fees submitted the affidavits of two experienced local attorneys. Both attorneys expressed the opinion that a contingency fee in the amount of one-third of the recovery, reduced by $50,000, would be reasonable. Such a fee would amount to $212,500. In my opinion, the trial court exceeded its discretion in awarding a fee in excess of that amount. Therefore, I have no problem with the Court’s decision to reverse the trial court’s judgment doing so. However, I cannot agree with the decision of the main opinion that, based on the record before this Court, a reasonable fee is 20% of T.S.’s portion of the settlement ($147,500). Therefore, I dissent from the decision to reverse the trial court’s judgment and to remand the case for the entry of a fee award in that amount.
As stated in the main opinion: “ ‘[I]t is generally recognized that the first yardstick that is used by the trial judges is the time consumed’ when determining the reasonableness of an attorney fee. Peebles v. Miley, 439 So.2d 137, 141 (Ala.1983).” 53 So.3d at 55. I agree that “it is troublesome that the record [properly before this Court] contains no evidence of the number of hours ... Fees spent on behalf of T.S....” 53 So.3d at 55. Further, I cannot disagree that “the absence of any time *60 records makes it difficult to conclude that the fee of $262,500 is reasonable.” 53 So.3d at 56. However, the absence of such records makes it equally difficult for me to conclude that a fee of $212,500 would be unreasonable or that the fee set in the main opinion is reasonable.
Instead of setting a fee without sufficient evidence of the “first yardstick”— time consumed during the representation — I would remand the case to the trial court for any further proceedings necessary to develop an adequate factual basis for evaluating the fee request. As this Court knows, Mr. Fees’s itemized time records were untimely submitted to the trial court after the first remand of this matter. I suspect the majority of the Court may feel that another remand would “reward Fee’s failure to provide the time records for his representation of T.S.,” 53 So.3d at 58, before the first hearing regarding his fee request. However, I see a remand as the only means by which to set a reasonable fee based, not upon what the main opinion acknowledges is a “lack of evidence,” 53 So.3d at 59, but, instead, upon an adequate factual record.
COBB, C.J., concurs.